IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JONATHON MURPHY d/b/a                                                    PLAINTIFF
MURPHY TRUCKING

v.                                    5:09CV00271-WRW

BUNGE NORTH AMERICA, INC., *et al.*                                      DEFENDANTS

## ORDER

Pending is Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim.[1] Plaintiff filed a Motion to Remand (Doc. No. 6). For the reasons set out below, Plaintiff's Motion to Remand is GRANTED, and Defendant's Motion to Dismiss is DENIED as MOOT.

Plaintiff sued Bunge North America, Inc. ("Bunge"), a New York corporation, and Kris Tillie ("Tillie"), a resident of Jefferson County, Arkansas, in the Circuit Court of Jefferson County, Arkansas.[2] Plaintiff alleged that Defendants discriminated against Plaintiff based on race in violation of the Arkansas Civil Rights Act ("ACRA"), although the Complaint does not specify under which section.[3] Defendants contend that Plaintiff's cause of action falls under Ark. Code Ann. § 16-123-107(a)(4), which is similar to 42 U.S.C. § 1981 -- both statutes protect an individual's right to make and enforce contracts free of racial discrimination.[4]

---

[1] Doc. No. 4.

[2] Doc. No. 1.

[3] Doc. No. 2.

[4] Doc. No. 1.

Defendants removed this case based on diversity jurisdiction, alleging that Tillie – an Arkansas resident -- is not a proper defendant under Ark. Code Ann. § 16-123-107(a)(4) because Tillie is Bunge's employee.[5] Defendants note that § 16-123-107(a)(4) is silent as to who is a proper defendant, but cite to *Danco, Inc. v. Wal-Mart Stores, Inc.*,[6] in support of their position. In their response to Plaintiff's Motion to Remand, Defendants maintain that Tillie was fraudulently joined.[7]

Fraudulent joinder exists when a plaintiff files a "frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal."[8]  "However, if there is a 'colorable' cause of action -- that is, if the state law *might* impose liability on the resident defendant under the facts alleged -- then there is no fraudulent joinder."[9]

Plaintiff has a colorable cause of action. First, as stated above, § 16-123-107(a)(4) is silent as to who is a proper defendant under that section. Further, some courts have found individual or employee liability under § 1981.[10] Because Arkansas courts look to federal civil rights decisions in interpreting the ACRA,[11] state law *might* impose liability on Tillie. Thus, Tillie's joinder was not fraudulent and diversity jurisdiction is lacking.

---

[5]*Id*.

[6]178 F.3d 8 (1st Cir. 1999).

[7]Doc. No. 8.

[8]*Filla v. Norfolk Souther Ry. Co.*, 336 F.3d 806, 809-10 (8th Cir. 2003).

[9]*Id.* at 810.

[10]See, for example, *Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505 (3rd Cir., 1986).

[11]See generally *Island v. Buena Vista Resort*, 352 Ark. 548 (2003).

Accordingly, Plaintiff's Motion to Remand (Doc. No. 6) is GRANTED. The Clerk of the Court is directed to REMAND this case to the Circuit Court of Jefferson County, Arkansas. All other pending motions are MOOT.

IT IS SO ORDERED this 1st day of October, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE